**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLTON FIELDS,

               Petitioner - Appellant,

    v.

EDWARD MORENO, Dr.; RICK HILL,
Warden,

               Defendants - Appellees.

No. 14-16417

D.C. No. 1:12-cv-01973-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted March 10, 2015[***]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

    Former California pre-trial detainee Carlton Fields appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    Fields consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

defendants were deliberately indifferent to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Fields' claims against Mims, Moreno, and Hill in their individual capacities because he failed to allege facts sufficient to show that these defendants were personally involved in the jail's denial of dental care, or that their alleged misconduct caused his injuries. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional violation or if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

To the extent that Fields alleged claims against Mims, Moreno, and Hill in their official capacities, the district court properly dismissed these claims because Fields failed to allege facts sufficient to show that the County of Fresno violated his Eighth Amendment rights or that its alleged failure to correct its policies amounted to deliberate indifference. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978) (official capacity claims against municipal employees are treated as claims against the municipality under § 1983); *Gibson v. County of*

*Washoe, Nev.*, 290 F.3d 1175, 1186-88 (9th Cir. 2002) (explaining municipal liability under § 1983, the Eighth Amendment's deliberate indifference standard, and that a pre-trial detainee's Fourteenth Amendment claims of inadequate medical care are evaluated under the Eighth Amendment's deliberate indifference standard).

The district court did not abuse its discretion in denying Fields' request for appointment of counsel because Fields did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the standard of review and the "exceptional circumstances" requirement).

**AFFIRMED.**